Free. Chy.
1F 254
77 417

# Ann·E. Pipkin *v.* Haun, Morris, Jenkins and Steel.

A party to a suit, not affected by proceedings in it, cannot object to any irregularity in those proceedings.

A party who has tacitly or expressly *consented* to a decree, will never be heard in an attempt to vacate that decree.

A written statement of the complainant, filed among the papers in the case, stating that two of the defendants were not brought into court, because they were found not to be interested in the matter; is equivalent to a formal dismissal as to the parties not brought in.

A decree will not be vacated when the defect complained of is such as may be remedied by mere motion.

A decree may at any time be rectified in case of *omission*, where the omitted matter would have been embraced in it, almost of course.

The CHANCELLOR.

This case is submitted on motion to vacate the decree rendered therein on the 24th December, 1839. In December, 1838, the plaintiff filed her bill in this cause; stating that she held a mortgage on the cotton crop of the defendant, Haun, then growing on his plantation, for the sum of six thousand dollars; that the defendant, Morris, as sheriff of Warren county, had levied various executions, older than the mortgage, on said crop of cotton, and had sold the same; that, after satisfying said executions, there still remained in Morris's hands the sum of about three thousand dollars, which the bill prays may be subjected to the plaintiff's mortgage, and that Morris might be enjoined from paying it over to Haun. The bill makes Steel and Jenkins parties to the bill, upon the information that they set up some claim to the money in Morris's hands.

Morris answered the bill, and admits the money to be in his hands, which he says he is ready to pay over as the court may order. The answer of Haun admits all the allegations of the bill, and says he is willing to abide such order or decree as may be

made in the case. No process seems to have issued against Steel and Jenkins.

In this attitude the case was submitted without contest, upon a written statement of the complainant's counsel, stating that Steel and Jenkins were not brought into court, because the plaintiff had ascertained that no claim had been made, as was supposed, by them to the money in question. Upon this state of case, a decree was rendered, foreclosing the mortgage against Haun, and directing Morris to pay over to the complainant the amount of money so admitted to be in his hands. Steel and Jenkins are in no way noticed by the decree as parties to the suit. And this is assigned as the first reason for vacating the decree. The second is, that the decree was rendered under a misapprehension of the state of the pleadings. The third is, that Morris was decreed to pay over the money in his hands, while an injunction remained in force against him. It does not appear whether this motion is made at the instance of one or all of the defendants. If the motion is made at the instance of Steel and Jenkins, it is sufficient to remark that no decree has been rendered as against them; and if they have any interest in the matter, that interest is in no way affected by the decree in the case; and *they* certainly cannot object to any irregularity, if there be such, in the decree against Morris and Haun.

No principle of practice can be better settled than that a party to a suit, not affected by proceedings in it, cannot object to any irregularity in those proceedings. 3 Bibb's R. 87.

If the motion is made at the instance of Haun and Morris, it is sufficient to say that nothing has been decreed against them but what they have, by their answers, both tacitly and expressly consented to; and that a party who has tacitly or expressly consented to a decree, will never be heard in an attempt to vacate or reverse that decree. Harrison *v.* Rumsey, 2 Ves. sen. 488.

Strict accuracy would no doubt require that the complainant should have dismissed the bill as to Jenkins and Steel, upon discovery that they were not necessary or proper parties. But I incline to the opinion that the written statement of counsel for the complainant, filed in the case, stating that they were not brought into court because they were found not to be interested in the

matter, should be regarded as equivalent to a more formal dismissal.

In the case of Pawlet *v*. Bishop of Lincoln, 2 Atk. 296, it was decided that a plaintiff may, at the hearing of a cause, waive the relief that he prays against a particular person, and then the objection, for want of making that person a party, will have no weight with it.

However this may be, I take it that a decree should not be vacated when the defect complained of is such as might be remedied upon a mere motion to rectify it. A decree may at any time be rectified, in case of *omission*, where the omitted matter would have been embodied in it almost as of course. Davis *v*. Morris, 13 Price, 766, cited in 3 Eq. Dig. 356.

It cannot be doubted that the complainant would have been permitted, as of course, upon the written statement of her counsel, to strike the name of Steel and Jenkins from her bill, or to dismiss it as to them, and to have that dismissal recited in the decree.

The only other objection I deem it necessary to notice, is that which questions the propriety of the decree upon the ground that it directs Morris to pay over money which he stood enjoined from paying. The counsel does not, of course, refer to the injunction against Morris at the instance of the plaintiff, as that was only in aid of the decree for paying over the money in his hands, and its object was consummated when that decree was rendered. If it is the supposed injunction of Jenkins and Steel, then it may be answered, that no such injunction is now said to exist. Morris makes no mention of it in his answer, as he unquestionably would have done, with a view to his own protection, if any such had existed. At any rate, if such injunction did exist, and Morris failed to bring it to view by his answer, in the shape of an interpleader, he would not now be heard to make that objection, for it clearly appears that if such injunction did exist, it was not only in force when Morris filed his answer, but anterior to the filing of the complainant's bill. It is worthy of remark, that this motion is made more than a year after the decree was rendered, and without any showing that the slightest injustice has been done to any one, and without accounting for the delay.

But if I had regarded the decree as fatally defective in the

Ann E. Pipkin *v.* Haun, Morris, Jenkins and Steel.

particulars supposed, I should have doubted the mode proposed for its correction. In Bennett *v.* Winter, 2 John. Ch. 205, it was held that a final decree which had been enrolled, could not be opened but upon a bill of review. Cameron *v.* McRoberts, 3 Wheaton, 591, and Radley. *v.* Shaver, 1 John. Ch. 200, are authorities to the same point.

Let the motion be overruled.